UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation, | Case No.: 1:21-CV-06917 |
| Plaintiff, | |
| v. | Judge John F. Kness |
| The Partnerships And Unincorporated Associations Identified On Schedule A, | Magistrate Judge Sunil R. Harjani |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ELECTRONIC SERVICE OF PROCESS**

Plaintiff, XYZ Corporation ("Plaintiff"), submits this Memorandum in support of its Motion for Electronic Service of Process Pursuant to Fed. Civ. P. 4(f)(3). Plaintiff respectfully requests that this Court grant authorization for Plaintiff to effectuate service of process by e-mail and/or electronic publication.

# TABLE OF AUTHORITIES

**CASES**

*In re LDK Solar Secs. Litig.,* 2008 WL 2415186,*2 (N.D. Cal. Jun. 12, 2008) ........................... 3

*In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ...................................... 3

*Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) ........................................................................................................................ 2

*MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) ........................................................................................................... 2

*Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) ... 3

*Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) ................ 2, 3

*Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989) ............................................... 4

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).................................... 2


**STATUTES**

Fed. R. Civ. P. 4(b) .................................................................................................................... 4
Fed. R. Civ. P. 4(f)(3) ............................................................................................................. 1, 2
Fed. R. Civ. P. 65(c) .................................................................................................................. 4

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

Plaintiff is requesting temporary *ex parte* relief based on an action for trademark and copyright infringement, counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act (UDTPA), against the defendants identified on Schedule A to the Complaint (the "Defendants"). As alleged in the Complaint, Defendants operate fully interactive, ecommerce Internet stores under the online marketplace accounts listed in Schedule A (the "Seller Aliases" or "Defendant Internet Stores"), using infringing and counterfeit versions of Plaintiff's federally registered trademarks and Copyrights ("Plaintiff's Trademarks" or "Plaintiff's Copyrights" collectively referred to as "Plaintiff's Intellectual Property (IP)") by offering for sale and/or selling unauthorized, unlicensed, and counterfeit products (the "Counterfeit Products").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website, and/or by sending an e-mail to the e-mail addresses identified by the Defendants, and any e-mail addresses provided for Defendants by third-parties. Fed. R. Civ. P. 4(f)(3). Plaintiff submits that providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is further appropriate and necessary in this case because Defendants, on information and belief: (1) have provided false names and physical address information in the registrations of their Defendant Internet Stores, in order to conceal their identities and locations, and in an attempt to avoid liability for their unlawful conduct; and (2) rely primarily on electronic

1

communications to communicate with their registrars and customers, demonstrating the reliability of this method of communication by which the registrants of the Defendant Internet Stores may be apprised of the pendency of this action. Finally, authorizing service of process solely via e-mail and/or electronic publication will benefit all Parties and the Court by ensuring that Defendants receive prompt notice of this matter, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## II. ARGUMENT

### A. Electronic Service of Process is Permitted Under Fed. R. Civ. P 4(f)(3)

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Circuit Court in *Rio* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the Northern District of Illinois, have held that alternative forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Fed. R. Civ. P. 4(f)(3). *Rio,* 284 F.3d at 1018; *see also, MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail

service); s*ee also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure."). Plaintiff submits that allowing service solely by e-mail and electronic publication in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by the registrants of the Defendant Internet Stores to conduct Internet-based activities anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). Fed. R. Civ. P. 4(f)(3). *Rio,* 284 F.3d at 1007, 1014-15. As the *Rio* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* As such, this Court may allow Plaintiff to serve Defendants via electronic publication and/or e-mail.

**B. Electronic Service of Process Is Appropriate as Defendants' Addresses and Identities are Unknown**

Moreover, Plaintiff is unable to determine the exact physical whereabouts or identities of the registrants of the Defendant Internet Stores due to their provision of false and incomplete street addresses. Plaintiff, upon information and belief, suspects the registrants of the Defendant Internet Stores to be residents of primarily Asian countries, which are signatories to The Hague Convention

on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Convention"). Sullivan Decl. at ¶ 11. The Hague Convention does not preclude service by e-mail, nor is e-mail service expressly prohibited by any of the signatories as a method of service. *Id*. Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. As such, United States District Courts, including in this District, routinely permit alternative service of process notwithstanding the applicability of The Hague Convention. See e.g., *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); see also *In re LDK Solar Secs. Litig.*, 2008 WL 2415186,*2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community.").

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[2] that shall apply to all Defendants in

---

[2] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

4

accordance with Federal Rule of Civil Procedure 4(b).

DATED: January 3, 2022					Respectfully submitted,

							*/s/ Sofia Quezada*
							Ann Marie Sullivan
							Alison Carter
							Sofia Quezada
							AM Sullivan Law, LLC
							1440 W. Taylor St., Suite 515
							Chicago, Illinois 60607
							Telephone: 224-258-9378
							E-mail:  sjq@amsullivanlaw.com

							**ATTORNEYS FOR PLAINTIFF**